# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERENCE P. MURPHY, | ) CASE NO.: 4:24-cv-04235-SLD |
| Plaintiff, | ) |
| v. | ) |
| DEERE & COMPANY, an Illinois Corporation, | ) |
| Defendant. | ) |

### DEFENDANT DEERE & COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant Deere & Company ("Deere") respectfully submits this Response in Opposition to Plaintiff's Motion to Compel Discovery Responses ("the Opposition") and states that this Court should deny Plaintiff's Motion to Compel Discovery Responses (ECF No. 28) ("the Motion") for two reasons. First, the parties should be required to mediate, and this Court afforded time to rule on Deere's pending partial Motion to Dismiss prior to Deere supplementing its responses to Plaintiff's written discovery requests. Second, Deere should not be required to supplement until Plaintiff responds to Deere's initial objections and responses to the discovery requests, which were timely raised, and limit the scope of objectionable requests.

**ARGUMENT**

I. <u>Deere should not be compelled to file supplemental discovery responses until this Court has ruled on its discovery motions, or the Parties' forthcoming mediation fails.</u>

Deere has timely filed three discovery-related motions in this action: (1) on April 11, 2025, Deere's Motion to Stay Discovery and Alternatively, for an Extension of Time to Respond to Plaintiff's Written Discovery Requests, requesting a stay of all discovery pending a resolution of Deere's Partial Motion to Dismiss, or alternatively, for a 60-day extension for Deere to respond to Plaintiff's written discovery requests until Friday, June 20, 2025 (ECF No. 21); (2) on April 21, 2025, Deere's Motion for an Extension of Time to Respond to Plaintiff's Written Discovery Requests until Monday, May 5, 2025 (ECF No. 24), which is now moot; and (3) on May 2, 2025, Deere's Motion for Protective Order, requesting that this Court relieve Deere of its obligation to respond to Plaintiff's discovery requests until: (i) this Court has ruled on the pending Motion to Stay Discovery, or (ii) the Parties' June 25th mediation fails (ECF No. 25).

Each of these motions have been fully briefed, remain pending before this Court, and were filed against the backdrop of the Parties' good-faith attempts to resolve this matter, first informally, and now, through a court-ordered mediation set for June 25, 2025. Thus, these motions were filed by Deere—not as a "manipulation and coverup" tactic, as Plaintiff suggests—but rather, in an effort to ensure that

discovery in this action is conducted in a manner that honors its purpose, balances relevant factors including judicial efficiency and prejudice, and contemplates the effects of engaging in potentially unnecessary and costly discovery; particularly where, as here, opposing counsel has expressed her desire to obtain Defendants' documents and information, not to push the case forward in discovery, but rather, so that she can litigate this case "in the press."

Moreover, Deere is not seeking more for itself than it has offered to Plaintiff. For example, Deere has served written discovery on Plaintiff, but made clear that it does not expect Plaintiff to respond unless and until mediation fails (and offered Plaintiff an additional 2-week grace period for responding if mediation does fail, until July 7, 2025).

Notwithstanding the pendency of these motions and unlike the defendants in one of the Indiana District Court cases cited by Plaintiff in his Motion, Deere also provided timely responses to Plaintiff's discovery requests on May 5, 2025. *See Strong v. Angels to Your Door Corp.*, 1:24-CV-00231-JPH-KMB, 2024 WL 4441840, at *1 (S.D. Ind. Sept. 24, 2024); *see also* Pl's Mot. to Compel, Attachment 2 (ECF No. 28-2); Pl's Mot. to Compel, Attachment 3 (ECF No. 28-3); Pl's Mot. to Compel, Attachment 4 (ECF No. 28-4). Deere has also made clear to Plaintiff that it is working on producing some responsive documents which will be produced in advance of mediation.

II. <u>Deere has timely filed its non-boilerplate objections in compliance with the Federal Rules of Civil Procedure; these responses are sufficient unless or until mediation fails, and Plaintiff has properly narrowed the scope of his requests.</u>

Deere timely responded and objected to Plaintiff's discovery requests with non-boilerplate objections to same. However, Plaintiff's Motion gives the impression that Deere did not state any specific grounds for objecting to Plaintiff's written discovery requests. This is not so. For example:

> **Deere's Response and Objections to Interrogatory No. 1.** Deere objects to this Interrogatory on the grounds that it is vague, overbroad, and not proportional to the needs of the case, insofar as it seeks information concerning all individuals involved in any decision regarding position eliminations or terminations in Accounting & Finance in July 2024, regardless of their relevance to the decision to eliminate Plaintiff Terence Murphy's position.
>
> **Deere's Response and Objections to Interrogatory No. 5.** Deere objects to this Interrogatory on the grounds that it is premature to the extent it seeks disclosure of expert materials prior to the deadlines set by the Court's scheduling order and applicable rules governing expert disclosures.
>
> **Deere's Response and Objections to Request for Production No. 16.** Deere objects to this Request on the grounds that it is vague, ambiguous, and overbroad, as the term "Garner report" is undefined. Additionally, the phrase "DEI metrics to track and report 2022-2024" lacks specificity regarding the types of metrics, reporting standards, or departments involved, making the scope of the request unclear and excessively broad.

*See* Fed. R. Civ. P. 34.; *see also* Pl's Mot. to Compel, Attachment 2 (ECF No. 28-2); Pl's Mot. to Compel, Attachment 3 (ECF No. 28-3).

Notably absent from Plaintiff's Motion to Compel is any effort to satisfy his burden, as the moving party, to provide any rebuttal to even one of Deere's aforementioned objections. Instead, Plaintiff insufficiently characterizes Deere's responses and objections in their entirety as "boilerplate." *See Peach v. City of Kewanee*, 05-4012, 2006 WL 8443111, at *3 (C.D. Ill. Oct. 23, 2006) ("[P]laintiff complains that defendant responded with "boilerplate" objections such as overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not calculated to lead to the discovery of admissible evidence. These are all valid objections, so characterizing them as "boilerplate" does not explain why the objection was not legitimate and it does not provide the Court with a basis for ruling [on the motion to compel].").

Such a "blanket" challenge of Deere's discovery objections should be rejected by this Court because each response (1) was made to a specific interrogatory or request; (2) accompanied other objections—including one rooted in the premise that proceeding with discovery before the Motion to Stay Discovery and the Motion for Protective Order are resolved would circumvent the relief requested therein, frustrate judicial efficiency and unfairly prejudice Deere by forcing it engage in potentially unnecessary and costly discovery—; and/or (3) concluded with the right to raise additional objections and provide further responses after the motions are resolved. *See id.*

Assuming, *arguendo*, that Plaintiff had met his burden of proving relevance for each of the challenged written discovery requests—which we do not contend he has—most, if not all of the requests, are overbroad, vague, disproportionate, and/or premature. In other words, while the general subject matter of certain discovery requests may be relevant to claims or defenses at issue in this action, the specific language of the requests makes them objectionable on other grounds. Deere has addressed the defects in Plaintiff's requests in its responses by, for example, identifying specific portions of requests that are objectionable, highlighting terms that are undefined and disclosing the types of clarifying information Deere would need to determine whether it has sufficiently complied with a request. *See* Pl's Mot. to Compel, Attachment 2 ¶16 (ECF No. 28-2). As for Deere's attorney-client privilege and/or work product doctrine objections, a privilege log will accompany the forthcoming production of documents.

## **CONCLUSION**

Plaintiff's Motion attempts to gloss over the factual reality that engaging in full-blown discovery at this juncture, with a pending partial Motion to Dismiss that could knock out a large portion of Plaintiff's claims, and a mediation that could end the case altogether is inefficient, wasteful, and unnecessary. At a minimum, no further discovery should be required until after the Parties' June 25, 2025 mediation fails. But more ideally, Deere should not be compelled to respond until: (1) this

Court has ruled on Deere's partial Motion to Dismiss and the parties are aware of the scope of Plaintiff's remaining claims; and (2) Plaintiff has responded to Deere's objections and limited the scope of his requests.

Thus, Deere respectfully requests that this Court deny Plaintiff's Motion to Compel Discovery Responses and Order that Deere is not required to supplement its discovery responses until (and unless) mediation fails, and only then within the parameters outlined in Deere's objections and any ruling by the Court on Deere's partial Motion to Dismiss.

Dated:  May 21, 2025                    Respectfully submitted,

By:  /s/ Reginald Janvier
**AKERMAN LLP**
Michael C. Marsh (admitted)
Email: michael.marsh@akerman.com
Reginald Janvier (admitted)
Email:  reginald.janvier@akerman.com
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

**AKERMAN LLP**
Erica Fleetwood (admission pending)
Email:  erica.fleetwood@akerman.com
999 Peachtree St. NE,
Atlanta, GA 30309
Telephone: (404) 733-9800
Facsimile: (404) 733-9898

**AKERMAN LLP**
Jeffrey Mayer (Illinois Bar No. 6194013)
71 South Wacker Drive 47th Floor
Chicago, IL 60606

7

Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jeffrey.mayer@akerman.com

*Attorneys for Defendant Deere & Company*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(B)(4), the undersigned counsel for Deere & Company certifies that its Opposition to Plaintiff's Motion to Compel Discovery has been prepared in compliance with the Local Rules and contains a word count of 1424.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2025, a copy of the foregoing was served via email on all parties in this action.

*/s/ Reginald Janvier*
Reginald Janvier
*Attorney for Defendant Deere & Company*
